SO ORDERED: May 20, 2005.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT  OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKY SUSAN SOMMER | ) | CASE NO. 04-20051-AJM-7 |
| | ) | |
| Debtor | ) | |
| ——————————— | ) | |
| | ) | |
| WILLPOWER PROPERTIES, INC. | ) | Adversary Proceeding |
| | ) | |
| Plaintiff | ) | No. 05-49 |
| vs. | ) | |
| | ) | |
| SKY SUSAN SOMMER | ) | |
| | ) | |
| Defendant | ) | |
| ——————————— | ) | |

**ENTRY ON PLAINTIFF'S REQUEST FOR
AWARD OF ATTORNEYS FEES
AND COSTS AND SANCTIONS**

This adversary proceeding was commenced when the Plaintiff filed its complaint

to determine dischargeability, asking that the debt owed to it by the Defendant and

1

Debtor, Sky Susan Sommer (the "Defendant") be determined to be nondischargeable under Sections 523(a)(2), (6) and (7) of the Bankruptcy Code. The Defendant moved on March 24, 2005 to dismiss the complaint with prejudice and the title of the motion to dismiss included "Request for Award of Attorneys Fees and Costs and Sanctions" (the "Motion to Dismiss"). The Plaintiff responded to the Motion to Dismiss on April 14, 2005 and included in that response its own request for an award of attorneys fees and costs and sanctions. Hearing on the Motion to Dismiss and the Plaintiff's response was held on May 4, 2005 wherein the Plaintiff appeared by counsel, Jeffrey M. Bellamy; the Defendant appeared by counsel Grant E. Zellefrow. The Court denied the Defendant's motion to dismiss as well as the Defendant's request for attorneys' fees and sanctions. The Court took under advisement ruling on the Plaintiff's request for an award of attorneys fees and costs and sanctions.

The Defendant alleged in the Motion to Dismiss that (1) the Plaintiff was first required to move for relief from the automatic stay before filing the nondischargeability complaint in bankruptcy court; (2) the alleged nondischargeable debt of the Plaintiff's has been discharged; (3) the adversary proceeding was not a core proceeding and therefore the bankruptcy court does not have "core jurisdiction" over it; (4) the complaint was filed in bad faith because the Plaintiff attended the §341 meeting of creditors but asked no questions of the Debtor at that meeting and never filed a proof of claim; and (5) the Plaintiff had not pled fraud with particularity.

The Plaintiff's response clearly set forth that the nondischargeability complaint was a "core" proceeding under 28 U.S.C. §157(b)(1) and therefore the Bankruptcy Court had jurisdiction over the matter; and there was no statutory authority for the

2

proposition that the Plaintiff was first required to file a motion for relief from stay before filing in bankruptcy court an adversary proceeding in the Defendant's bankruptcy case. The Plaintiff also clarified that all of the orders from state court that were attached to the complaint were issued by the Hamilton Superior Court, a court of record, and not the Hamilton County Small Claims Court, a court that is not a court of record.  This is contrary to what the Defendant alleged in her motion to dismiss and in her request to strike the complaint because it was hearsay under Rule 12(f). [1]  In addition, the Plaintiff pointed out that the Defendant had misquoted (or incorrectly cited) a passage allegedly from the United States Brass Corp. case [2] .  Finally the Plaintiff noted that the Defendant had argued that she was entitled to fees for filing her motion to dismiss under paragraph 8 of the lease between the Plaintiff and the Defendant.  That paragraph, however, provided that the tenant (the Defendant) agreed to pay all fees for legal action to gain possession of the leased space or to collect delinquent rents or other costs, including court costs and attorneys fees.  It gave the Defendant no right to fees.  The Plaintiff in its response contended that the Defendant "has made gross misstatements of case law, rules and legal documents to the Court that cannot be attributed to differences in interpretation...." .  The Plaintiff introduced into evidence an affidavit that it incurred as of that point attorneys fees and costs of $630 to date as a result of the Defendant's breach of the lease agreement between the parties.

---

[1]  As the Plaintiff argued in its response, "[n]owhere in Rule 12(f) does it state or imply that hearsay, a purely evidentiary creature, should be stricken from a notice pleading"

[2]  The passage that "[t]he distinction between core and non core is often difficult to discern" was cited as appearing at pages 1268-69 in *Matter of United States Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997). This Court was unable to locate that language in that case on those pages.

3

In its response to the Defendant's motion to dismiss, the Plaintiff also asked for fees as a sanction for responding to the motion to dismiss. This Court will hold in abeyance whether to award fees and costs as set forth in the affidavit, but will consider the Plaintiff's request for fees as sanctions as set forth in the Plaintiff's response.

The goal of Rule 9011 is to deter unnecessary filings and to prevent the assertion of frivolous pleadings. *In re Szabo Contracting, Inc.*, 283 B.R. 242 (Bankr. N. D. Ill. 2002). Rule 9011 of the Federal Rules of Bankruptcy Procedure is, with slight modifications to take into account the peculiar nature of bankruptcy proceedings, essentially identical to Rule 11 of the Federal Rules of Civil Procedure. Jurisprudence with respect to Rule 11 has been instructive in developing case law around this rule. See, *In re Reilly*, 244 B.R. 46, 49 (Bankr. D. Conn. 2000).

Rule 9011(c) contains on its face a 21- day "safe harbor" provision where, at least 21 days prior to filing the sanctions motion with the court, the movant must serve a copy of the sanctions motion on the offending, non-moving party in order to allow the non movant the opportunity to correct the violation. *In re McNichols,* 258 B.R. 892, 902-03 (Bankr. N. D. Ill. 2001). Whether this 21- day requirement can be satisfied short of the service of a *motion* is the question, since no *motion* was served on the Defendant prior to the May 4th hearing. It appears that the proper procedure to be followed under Rule 9011 is that a *motion* must be served on the offending party and, unless the offending party, within 21 days of service of the motion corrects the violation, the motion can then be filed with the court. Here, the "safe harbor" provisions were not followed, and sanctions *under that rule* cannot be awarded.

4

However, there is other authority upon which this court can impose sanctions. Section 105 of the Bankruptcy Code provides in part:

> (a)  The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

This section allows bankruptcy courts to "punish an attorney who unreasonably and vexatiously multiplies the proceedings before them" or who "abuse the judicial process". *Knepper v. Skekloff,* 154 B.R. 75, 80-81 (N. D. Ind. 1993).

Here, the Defendant filed a motion to dismiss that asserted theories not based in law (i.e.. the Plaintiff was required to file a relief from stay motion before filing a nondischargeability complaint in bankruptcy court) or fact (ie. paragraph 8 of the lease allowed the Defendant to be awarded fees, the debt had been discharged).  That was bad enough, but the real offensive conduct here was that, once the Plaintiff filed its response wherein it refuted point by point and with citation to authority the grounds stated in the Motion to Dismiss, the Defendant did not amend, withdraw or otherwise alter her motion.  Nor did the Defendant ask for a continuance of the matter in order to more closely review the response.  The Defendant had ample time to review it; it was filed on April 14, 2005, twenty (20) days before the May 4th hearing.  The Defendant nonetheless proceeded to hearing on the same basis as set forth in her motion, and the Plaintiff had no choice but to appear at the May 4th hearing by counsel and incur fees to defeat a motion that was based neither in law nor in fact.

The Court will not award fees as a sanction for the time spent in drafting the

5

response; part or all of that time may have been incurred as a result of the Defendant's breach of the lease and therefore may have been reflected in the affidavit admitted into evidence. Whether and to what extent fees reflected in the affidavit should be awarded will be considered at the conclusion of the trial on the nondischargeability complaint. However, the Court finds that the fees incurred for attending at the May 4th hearing (after the affidavit was submitted, and therefore not included in it) should be recoverable. Accordingly, the Court finds that the Plaintiff incurred one and one half (1 ½ ) hours of legal fees at the hourly rate of $140.00, and therefore is entitled to an award of fees in the amount of $210.00. The Defendant shall pay said sum to counsel for the Plaintiff within twenty-one (21) days from the date of this order.

# # #

Distribution:

Attorney for Plaintiff
Attorney for Defendant
Chapter 7 Trustee in main bankruptcy case
United States Trustee